By the Court.
On the day of the annual election for state offices in November, 1918, Smith was the duly elected, qualified and acting judge of the probate court of Muskingum county. On that day Fulton and Smith were the only candidates for the office of secretary of state and Smith received the majority of votes cast for that office.
His right to receive the commission for and to hold the office is denied by the relator because of the provisions of Section 4826, General Code. That section reads: “All general elections for elective state and county offices and for the office of judge of the court of appeals shall be held on the first Tuesday after the first Monday of November in the even numbered years. All votes for any judge for an elective office except a judicial office, under the authority of this state, given by the general assembly, or by the people, shall be void.”
*231 The last sentence of this section is comprehensive and embraces the office of probate judge. By its terms the votes cast for Smith in November, 1918, while he was probate judge, were void, unless the general assembly was without the constitutional power to make the provisions of the statute applicable to the office of probate judge.
The judicial article of the constitution, Article IV, provides for the judicial structure of the state. Section 1, Article IV of the Constitution of 1851, and also Section 1, Article IV of the Constitution as amended September 3, 1912, enumerate certain courts in which the judicial power of the state shall be vested, and provide for the erection of other courts, from time to time, by the general assembly. In the 1851 provision, as well as in the 1912 provision, the supreme court, courts of common pleas and courts of probate are included in the enumeration.
By the succeeding sections of the judicial article provision is-made for the jurisdiction of the several courts and for the election of judges, their terms of office, and for the filling of vacancies.
Section 14 of this article provides that “The judges of the supreme court, and of the court of common pleas, shall, at stated times, receive, for their services, such compensation as may be provided by law * * * but they shall receive no fees or perquisites, nor hold any other office of profit or trust, under the authority of this state, or the United States. All votes for either of them, for any elective office, except a judicial office, under *232 the authority of this state, given by the general assembly, or the people, shall be void.”
The whole judicial article must be viewed and construed together, and, in the creation of the judicial structure in our system of jurisprudence, the constitutional convention and the people specifically selected two courts the judges of which should not be voted for except for a judicial office.
Under rules which are familiar and sanctioned by experience, it must be presumed that when the makers of the constitution took up and considered the subject and specified the two courts as to which the prohibition should apply they intended that as to the judges of other courts no such prohibition should be made.
We, therefore, hold that the provisions of Section 4826, General Code, in so far as they apply to the judges of any of the courts created by the constitution other than the common pleas court and the supreme court; are invalid.

Demurrer sustained and judgment for defendant.

Nichols, C. J., Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.